328 S.E.2d 200

**MONONGAHELA POWER COMPANY**

v.

**The Honorable Larry V. STARCHER, Chief Judge of the Seventeenth Judicial Circuit of West Virginia, Robert W. Guminey and Karen S. Guminey, and Asplundh Tree Expert Service.**

No. 16447.

Supreme Court of Appeals of West Virginia.

March 22, 1985.

Mary Lou Hill, Furbee, Amos, Webb & Critchfield, Morgantown, for petitioner.

Thomas C. Cady, Booth, for respondent Guimney.

Jeffrey Jackson, Rose, Southern & Padden, Morgantown, for respondent Asplundh Tree.

MILLER, Justice:

The petitioner, Monongahela Power Company (hereinafter Monongahela), in this original proceeding in prohibition seeks to prevent the respondent circuit court judge from conducting further proceedings in a civil action in which the plaintiffs, Mr. and Mrs. Guminey, have sued Monongahela and Asplundh Tree Expert Company (hereinafter Asplundh). Plaintiffs alleged that Asplundh, as the employee and agent of Monongahela, trespassed on their land and negligently, recklessly, and intentionally cut and destroyed trees, vegetation and the like. Plaintiffs in the underlying action demanded $50,000 in compensatory damages and an equal amount in punitive damages.

Monongahela contends that the civil action in the circuit court is barred by principles of *res judicata,* as an identical action was previously tried on the merits in a magistrate court in Monongalia County. This resulted in a judgment of $650 in favor of the plaintiffs in June of 1983. The plaintiffs in the magistrate court action had filed a pro se complaint against Monongahela and Mike McElhaney, a power company employee, seeking $1,500 in damages. They were unsatisfied with the amount of the judgment, obtained counsel and appealed the magistrate court judgment to the Monongalia County Circuit Court.

On May 15, 1984, the circuit court held a hearing on plaintiffs' motion to compel discovery. At this hearing, Monongahela moved to dismiss the magistrate court appeal on the ground that it had offered the plaintiffs the maximum amount of damages over which the magistrate court had jurisdiction. This was based on W.Va. Code, 50-2-1 (1976), which limited damages in civil actions to $1,500.[1] Monongahela contended that this offer would be in complete satisfaction of all recoverable damages that could be awarded on a de novo appeal from magistrate court.[2] Defendant, Asplundh, also moved to dismiss the appeal on the basis of accord and satisfaction.[3]

On May 25, 1984, the circuit court following a hearing dismissed the magistrate court appeal without prejudice. Plaintiffs were granted leave to refile their complaint and seek recovery for any amount of damages without regard to the monetary jurisdictional limit of the magistrate court. The plaintiffs filed a new complaint in the circuit court naming the same two parties as defendants and making the same allegations and demands for judgment.

In response to the circuit court's ruling dismissing the magistrate court appeal, Monongahela on June 12, 1984, tendered a check for the sum of $729 to the magistrate court clerk in Monongalia County to satisfy the magistrate court judgment rendered against it. Plaintiffs refused to accept this check, however, and the uncashed check still remains in the magistrate court file.

■ Given the particular circumstances presented in this case, we conclude that the magistrate court judgment against Monongahela is not a bar to further proceedings in the circuit court under the doctrine of *res judicata.* We reach this conclusion on the basis that the magistrate court judg-

---

**1.** The jurisdictional limit of magistrate courts was subsequently raised to $2,000, exclusive of interest and costs, effective on July 1, 1983. 1983 W.Va. Acts chs. 60, 130.

**2.** The legal effect of Monongahela's attempt to tender the $1,500 at the circuit court level is not addressed in its prohibition and we do not, therefore, discuss this issue.

**3.** Asplundh was not a party to the initial suit in the magistrate court. Consequently, the doctrine of *res judicata* is not applicable to it. Although Asplundh is a named respondent in this petition and seeks to raise the issue of offensive collateral estoppel under *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983), this point was not passed upon in the circuit court and we do not address it here.

ment never became final, because the magistrate court judgment was appealed.

 One of the basic preconditions for application of the *res judicata* doctrine is a final judgment, precisely what we find to be lacking here. As stated recently in Syllabus Point 3 of *Conley v. Spillers*, 171 W.Va. 584, 301 S.E.2d 216 (1983):

"The doctrine of collateral estoppel also requires as does *res judicata* that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties."

 We are, however, of the view that as to Monongahela, the plaintiffs are limited upon their complaint in the circuit court to the $1,500 damage limitation since they are in effect proceeding on a de novo appeal from the magistrate court.

 We affirm our adherence to the general rule that on a de novo appeal from a magistrate court judgment, the amount demanded cannot be increased beyond the jurisdictional limit of the magistrate court. Although we have no direct syllabus on this point, it is clear from our decisions and W.Va.Code, 51-2-2, that magistrate court appeals are derivative jurisdictionally, as we indicated in *State ex rel. Honaker v. Black*, 91 W.Va. 251, 253–54, 112 S.E. 497, 497 (1922): "[T]he circuit court upon an appeal from a [magistrate] can exercise in regard to the controversy pending before the [magistrate] only such jurisdiction as the [magistrate] might have exercised." *Cordell v. Jarrett*, W.Va., 301 S.E.2d 227 (1982). *See also Swetnam v. U.S. By-Products Corp.*, 510 S.W.2d 829 (Mo.App. 1974); *Stacy v. Mullins*, 185 Va. 837, 40 S.E.2d 265 (1946); 1B Michie's Jurisprudence *Appeal and Error* § 357 (1980); 51 C.J.S. *Justices of the Peace* § 194 (1967); Annot., 168 A.L.R. 641 (1947). In unlawful entry and detainer actions, a statutory exception exists permitting the amount to be amended beyond the jurisdiction of the magistrate court to permit recovery in a single action for rents or damages that have accrued during the pendency of the de novo appeal. *See,* W.Va.Code, 50-4-5; W.Va.Code, 55-3-2; *Cordell v. Jarrett, supra.*

 These legal principles compel the conclusion that the circuit court acted beyond its jurisdiction in dismissing the plaintiffs' de novo appeal and permitting them to file an original complaint against Monongahela increasing the damages beyond the $1,500 magistrate jurisdictional level. Our traditional rule in prohibition is that the writ will lie where the trial court does not have jurisdiction or having jurisdiction exceeds its legitimate powers. *State ex rel. Arnold v. Egnor*, 166 W.Va. 411, 275 S.E.2d 15 (1981); *McKinney v. Kingdon*, 162 W.Va. 319, 251 S.E.2d 216 (1978).

Although Monongahela is not entitled to an absolute rule since the plaintiffs may still pursue their de novo appeal, a moulded writ is issued preventing the trial on the new complaint as to Monongahela in the circuit court for an amount in excess of the $1,500 damage limit.

For the foregoing reasons, a moulded writ of prohibition is awarded.

Writ as Moulded Awarded.