# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2016 Term

FILED

October 6, 2016

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

No. 16-0346

_____

**STATE OF WEST VIRGINIA EX REL.
JON VEARD; VERD-MASONTOWN LIMITED PARTNERSHIP; AND
UNITED PROPERTY MANAGEMENT COMPANY,**
Petitioners

## V.

**HONORABLE LAWRANCE S. MILLER, JR.,
CIRCUIT JUDGE FOR THE EIGHTEENTH JUDICIAL CIRCUIT, AND
ARTHUR J. SUMMERS,**
Respondents

_____

### ORIGINAL PROCEEDING IN PROHIBITION
### WRIT GRANTED AS MOULDED

_____

Submitted:  September 21, 2016
Filed: October 6, 2016

Richard M. Wallace                      Jacques R. Williams
J. Todd Bergstrom                       Brianna W. McCardle
Littler Mendelson                       Hamstead, Williams & Shook
Morgantown, West Virginia               Morgantown, West Virginia
Attorneys for Petitioners               Attorneys for Respondents

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      A circuit court has discretion under Rule 42(a), of the West Virginia Rules of Civil Procedure, to consolidate a magistrate court appeal with an action filed under the original jurisdiction of the circuit court.  However, such consolidation does not permit the parties to the magistrate court appeal to engage in discovery or have a jury trial in the consolidated magistrate appeal.

2.      The doctrines of collateral estoppel and res judicata apply to a magistrate court judgment only when it becomes final, either through failure to appeal that judgment or after exhausting appellate proceedings.

3.      When a party appeals a magistrate court judgment to circuit court and also files a separate civil action in circuit court arising from the same facts in the case appealed, that new claim should be treated as an amendment to the magistrate court pleading on a *de novo* appeal.

4.      A circuit court may not allow an amendment for an additional cause of action, on appeal from a magistrate court judgment, that does not embrace the original magistrate court pleading.  An amendment is allowed only to supply any deficiency or

i

omission in the original pleading, not to inject a new item or cause of action not embraced by the original pleading.

**Davis, Justice:**

This is a writ of prohibition proceeding brought under the original jurisdiction of this Court by Petitioners, defendants below, Jon Veard, Veard-Masontown Limited Partnership, and United Property Management Company. The Petitioners seek to prohibit enforcement of an order by the Circuit Court of Preston County which denied their motion to dismiss three counts of a complaint filed against them by the Respondent, plaintiff below, Arthur J. Summers.[1] In this proceeding, the Petitioners seek to prohibit enforcement of an order that consolidated the complaint with an appeal of a magistrate court decision brought by Respondent; dismissal of Counts I and II; and a stay of the litigation of Count IV pending resolution of the magistrate court appeal. After a careful review of the briefs, the appendix record, and listening to the argument of the parties, we grant the writ as moulded.

## I.
## FACTUAL AND PROCEDURAL HISTORY

The limited record in this matter reveals that on August 15, 2015, the Petitioners, acting under the trade name of Plum Hill Terrace Apartments ("Plum Hill"), filed a petition in the Magistrate Court of Preston County seeking to have the Respondent evicted

---

[1]The complaint listed a second plaintiff, Rebecca M. White. The complaint set out a cause of action by Ms. White under Count III. Neither Ms. White nor the claim set out in Count III is before this Court.

1

from one of their apartments.[2] The Respondent filed a pro se answer and asserted a counterclaim seeking unpaid wages in the amount of $5,000.[3] A hearing was held on October 19, 2015. At that hearing, it was determined that the Respondent had moved from the apartment and that the Petitioners had recovered possession of the same. Thereafter the hearing proceeded on the counterclaim for wages brought by Respondent. The magistrate entered an order on October 19, 2015, dismissing the Petitioners' complaint as moot, and rendering a verdict against Respondent on his counterclaim. The Respondent filed an appeal to circuit court.

On or about December 7, 2015, the Respondent, through counsel, filed a complaint in circuit court against the Petitioners.[4] In the body of the complaint, the

_____

[2]In order not to confuse matters, we will for convenience refer to the Petitioners as the Plum Hill complainant.

[3]The Respondent asserted the counterclaim on a form supplied by the magistrate court for eviction proceedings. The Respondent actually checked the box for a crossclaim. However, we will treat the matter as a counterclaim because that is the correct designation. *See Mauney v. Imperial Delivery Servs., Inc.*, 865 F. Supp. 142, 150 n.3 (S.D.N.Y. 1994) ("[c]ross-claims are brought between co-parties."); *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 849 (M.D. Pa. 1985) ("Cross-claims are filed against co-parties and not against adverse parties."). The Respondent noted in the counterclaim that he was owed $8,400, but was only seeking the maximum allowed in magistrate court at that time. It will be noted that in 2016 the Legislature increased the civil jurisdictional amount in magistrate court to $10,00.00. *See* W.Va. Code § 50-2-1 (2016) (Repl. Vol. 2016).

[4]The caption of the complaint listed as defendants, Jon Veard, Veard-Masontown Limited Partnership, and United Property Management Company, but not Plum Hill.

Respondent alleged that the Petitioners were "operating a multi-family housing complex in Masontown . . . , under the name of Plum Hill Terrace Apartments." In Count I of the complaint, the Respondent sought damages for unpaid wages in the amount of $6,700 under the theory of quantum meruit. In Count II, the Respondent sought liquidated damages in the amount of $20,100 for failure to pay wages timely as required by the West Virginia Wage Payment and Collection Act.[5] Count IV of the complaint sought damages for wrongful termination under *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978). On December 9, 2015, the Respondent filed a motion in circuit court seeking to dismiss the magistrate court appeal without prejudice. In the motion, the Respondent admitted that the magistrate ruled against him "on the issue of unpaid wages." The motion also stated that the Respondent was seeking dismissal without prejudice "in the unlikely event that it should prove necessary to revive it within the one year provided by statute."

On December 22, 2015, the circuit court entered an order consolidating the Respondent's magistrate court appeal with his circuit court original complaint, "for all purposes and all events including pre-trial discovery, motions and hearings, and trial." The order also stated that the court would allow the Respondent to renew his motion to dismiss the magistrate court appeal at a later date. The Petitioners filed a motion to dismiss Counts I, II, and IV of the complaint on January 29, 2016. In that motion, the Petitioners alleged that

---

[5]*See* W. Va. Code § 21-5-4(e) (2015) (Supp. 2016).

3

the counts should be dismissed because the issues involved were litigated in the magistrate court proceeding. The Respondent filed a response to the motion to dismiss and argued that the motion should be denied because (1) the magistrate court proceeding was not final, and (2) there was no privity in the magistrate court proceeding against Plum Hill and the Petitioners in the circuit court proceeding. The circuit court entered an order on March 8, 2016, denying the motion to dismiss. The order denying the motion is type written. However, a handwritten entry was made on the order which states that the court finds "[t]he parties are not the same in these 2 consolidated cases new and additional parties are in case # 15-C-190 [the original complaint filed in circuit court]." The Petitioners thereafter filed a petition for a writ of prohibition with this Court.

## II.
## STANDARD OF REVIEW

This matter was brought as an original jurisdiction petition for a writ of prohibition. We held in the single Syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W. Va. 163, 130 S.E. 111 (1925), that "[t]he writ of prohibition will issue only in clear cases where the inferior tribunal is proceeding without, or in excess of, jurisdiction." *See* Syl. pt. 1, *State ex rel. Progressive Classic Ins. Co. v. Bedell*, 224 W. Va. 453, 686 S.E.2d 593 (2009). Guidelines for issuing the writ have been stated as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its

4

legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

Our "review of a circuit court's order [denying] a motion to dismiss a complaint is *de novo*." *State ex rel. Skyline Corp. v. Sweeney*, 233 W. Va. 37, 40, 754 S.E.2d 723, 726 (2014) (internal quotations and citation omitted). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure should only be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Murphy v. Smallridge*, 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996) (internal quotations and citation omitted). We also have recognized that

a court may consider, in addition to the pleadings, documents annexed to it, and other materials fairly incorporated within it. This sometimes includes documents referred to in the complaint

but not annexed to it. Further, Rule 12(b)(6) permits courts to consider matters that are susceptible to judicial notice.

*Forshey v. Jackson*, 222 W. Va. 743, 747, 671 S.E.2d 748, 752 (2008) (quoting Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., "Litigation Handbook on West Virginia Rules of Civil Procedure," § 12(b)(6)[2], at 348 (3d ed. 2008)). With these standards in mind, we now turn to the merits of this proceeding.

## III.
## DISCUSSION

### A. *Consolidation of Magistrate Court Appeal with Circuit Court Action*

The first issue raised by the Petitioners is that the circuit court's consolidation of Respondent's magistrate court appeal and his circuit court action was erroneous as a matter of law.[6] The Petitioners also argue that the consolidation order allows the magistrate court appeal to be subject to full discovery and a jury trial, in contravention of Rule 18 of the Rules of Civil Procedure for Magistrate Courts and W. Va. Code § 50-5-12 (1994) (Repl. Vol. 2016). The circuit court's order stated that it had authority under Rule 42(a) of the West Virginia Rules of Civil Procedure to consolidate the cases "for all purposes and all events including pre-trial discovery, motions and hearings, and trial."[7]

---

[6]The Petitioners assert that the consolidation order was entered before they filed an answer to the complaint and made an appearance in the civil action.

[7]We note that in his brief and oral argument before this Court, the Respondent
(continued...)

6

As previously noted, the circuit court relied upon Rule 42(a) to consolidate the cases. Under Rule 42(a), the following is provided:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *An action is pending before the court within the meaning of this subdivision if it is pending before the court on an appeal from a magistrate.*

(Emphasis added). It does not appear that this Court has ever been called upon to determine the meaning of the last sentence of Rule 42(a).[8] The original drafters of our rules of civil procedure explained this provision as follows:[9]

> This subdivision [Rule 42(a)] is identical with the Federal Rule except that the last sentence in the subdivision does not appear in the Federal Rule. This sentence makes it clear that *Rule 42(a) applies to consolidation of actions pending before a court on appeal* from a justice of the peace[.]

---

[7](...continued)
contends the trial court consolidated the cases under Rule 42(b). The trial court's order did not reference Rule 42(b), and it could not have, because that rule addresses transferring and consolidating actions pending in different courts. The magistrate appeal and the new civil action were both pending before the same court, but under the court's appellate and original jurisdictions respectively.

[8]"An interpretation of the West Virginia Rules of Civil Procedure presents a question of law subject to a de novo review." Syl. pt. 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997).

[9]It should be noted that the last sentence of the original version of Rule 42(a) referred to justice of the peace court, which has now been replaced with the magistrate court system.

7

Marlyn E. Lugar and Lee Silverstein, "West Virginia Rules of Civil Procedure," Rule 42(a), pg. 342 (1960) (emphasis added).

At first blush it would appear that the drafters of Rule 42(a) intended to give circuit courts limited authority to consolidate magistrate court appeals that were pending in a circuit court. However, in the commentary to Rule 42(b), which addresses transferring and consolidating actions in different courts, the following is explained:

> In those cases in which an appeal is allowed [from a justice of the peace], the less questionable procedure even under the Rules would be to appeal from the judgment of a justice of the peace and thereafter move for consolidation under Rule 42(a), *if the other action is pending in the court to which the appeal is taken*[.]

(Emphasis added). Lugar and Silverstein, "Civil Procedure," Rule 42(b), pg. 348. It is clear from the commentary to Rule 42(b), that the drafters of Rule 42(a) intended to give circuit courts discretion to consolidate a magistrate court appeal with a pending action under the original jurisdiction of the circuit court. Thus, in the instant case the circuit court could, as a preliminary matter, consolidate the magistrate court appeal with the pending civil action.

Our determination that Rule 42(a) allows consolidation of a magistrate court appeal with an action pending under the original jurisdiction of a circuit court does not end our discussion of this issue. We next must determine what restrictions are imposed on a

8

consolidated magistrate court appeal by Rule 18 of the magistrate court rules and W. Va. Code § 50-5-12. We begin by addressing Rule 18.

It is provided under Rule 18(d), in part, that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury." Rule 18(d) of the magistrate court rules is quite clear in limiting a circuit court's de novo jurisdiction over an appeal of a case tried in magistrate court without a jury. *See Burr v. Elmore*, No. 13-1078, 2014 WL 5328638, at *2 (W. Va. Oct. 20, 2014) (memorandum decision) ("[T]he circuit court held a *de novo bench trial* on respondent's complaint and petitioner's counter-claim." (emphasis added)). The jurisdiction of the trial court in that situation does not extend to affording a litigant a jury trial on an appeal. *See* Robin Davis and Louis J. Palmer, Jr., "Handbook on the Rules of Civil Procedure for West Virginia Magistrate Courts," § 18(d), pg. 258 (2010).

It is further provided under W. Va. Code § 50-5-12(d) that on an appeal of a magistrate decision "[t]he exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for appeal and shall be made available to the parties." *See* Davis and Palmer, "Handbook," § 18(d) at 260. This statute is clear in prohibiting a trial court from allowing discovery in a case appealed from magistrate court.

9

This limitation is consistent with Rule 81(a)(1) of the West Virginia Rules of Civil Procedure. Rule 81(a)(1) provides, in part:

> When the appeal of a case has been granted or perfected, these rules apply, except that, in a case on appeal from a magistrate court, *Rules 26 through 37 may not be used*[.]

(Emphasis added.) *See* Franklin D. Cleckley, Robin Jean Davis, and Louis J. Palmer, Jr., "Litigation Handbook on the West Virginia Rules of Civil Procedure," § 81(a)(1), pg. 1433 (2012) ("The rule also recognizes that all rules of civil procedure, other than Rule 26 through Rule 37, apply in an appeal to circuit court."). It is clear that Rule 81(a)(1) also does not allow the discovery provisions of Rules 26 through 37 to be used in an appeal from a magistrate decision. *See Cordell v. Jarrett*, 171 W. Va. 596, 599, 301 S.E.2d 227, 231 (1982) ("Rule 81(a)(1) . . . recognizes that all rules of civil procedure, other than Rules 26 through 37, apply.").

In view of the foregoing, we hold that a circuit court has discretion under Rule 42(a), of the West Virginia Rules of Civil Procedure, to consolidate a magistrate court appeal with an action filed under the original jurisdiction of the circuit court. However, such consolidation does not permit the parties to the magistrate court appeal to engage in discovery or have a jury trial in the consolidated magistrate appeal.

### B. Claims for Unpaid Wages

The Petitioners next argue that Respondent's claim in the circuit court action

for unpaid wages in Counts I and II are barred as a matter of law because the matter of

unpaid wages was litigated in magistrate court. According to the Petitioners, two prior

decisions of this Court and the application of the doctrines of collateral estoppel[10] and res

judicata[11] prohibit the Respondent from litigating Counts I and II of his complaint. The

---

[10]The elements of collateral estoppel have been set out by this Court as follows:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

[11]The elements of res judicata have been stated as follows:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

circuit court found that Counts I and II could be litigated because "[t]he parties are not the same in these 2 consolidated cases[.]" In his brief, the Respondent also asserts that the parties to the circuit court action are different and that the claims are different.

We begin by examining the two cases relied upon by the Petitioner. In *Monongahela Power Co. v. Starcher*, 174 W. Va. 593, 328 S.E.2d 200 (1985), the plaintiffs, acting pro se, sued the defendant Monongahela Power Company[12] in magistrate court for destruction of trees and plants on their property. The plaintiffs received a favorable verdict of $650.00. The plaintiffs thereafter retained counsel and appealed the verdict on the grounds of inadequacy. However, after the appeal was filed, the circuit court dismissed the appeal without prejudice, and allowed the plaintiffs to file a new civil action in circuit court against the defendant.[13] Under the new action, the plaintiffs demanded $50,000.00. The defendant filed a petition for a writ of prohibition with this Court to prevent the circuit court from allowing the civil action to go forward. The defendant argued that the new circuit court complaint was barred by the doctrine of res judicata. This Court found that the doctrine of res judicata did not apply because the magistrate court decision was not final, since it was still subject to an appeal.[14] However, the opinion found that the plaintiffs would not be able

---

[12]The plaintiffs also sued an employee of the defendant.

[13]The plaintiffs sued a second defendant, Asplundh Tree Expert Company.

[14]The Court made this determination even though the magistrate appeal was
(continued...)

to recover an amount above the statutory maximum allowed in magistrate court. The opinion addressed this disposition as follows:

> We are, however, of the view that as to Monongahela, the plaintiffs are limited upon their complaint in the circuit court to the $1,500 damage limitation since they are in effect proceeding on a de novo appeal from the magistrate court.
>
> We affirm our adherence to the general rule that on a de novo appeal from a magistrate court judgment, the amount demanded cannot be increased beyond the jurisdictional limit of the magistrate court. . . . [T]he circuit court upon an appeal from a [magistrate] can exercise in regard to the controversy pending before the [magistrate] only such jurisdiction as the [magistrate] might have exercised. . . .
>
> These legal principles compel the conclusion that the circuit court acted beyond its jurisdiction in dismissing the plaintiffs' de novo appeal and permitting them to file an original complaint against Monongahela increasing the damages beyond the $1,500 magistrate jurisdictional level. Our traditional rule in prohibition is that the writ will lie where the trial court does not have jurisdiction or having jurisdiction exceeds its legitimate powers.
>
> Although Monongahela is not entitled to an absolute rule since the plaintiffs may still pursue their de novo appeal, a moulded writ is issued preventing the trial on the new complaint as to Monongahela in the circuit court for an amount in excess of the $1,500 damage limit.

*Monongahela Power*, 174 W. Va. at 595, 328 S.E.2d at 202-03 (internal quotations and citations omitted).

---

[14](...continued)
dismissed.

13

The second case relied upon by the Petitioners is *Truglio v. Julio*, 174 W. Va. 66, 322 S.E.2d 698 (1984). This case involved two consolidated appeals from different counties. For purposes of this discussion, we will present only the facts of the case involving the plaintiff Maxie Finnegan. The plaintiff in that case acted pro se in suing the defendant in magistrate court for injuries received when the defendant's dog bit the plaintiff. A hearing was held in the matter. After the hearing, but before a decision was made, the plaintiff consulted a lawyer who advised the plaintiff to dismiss the case and file a new action in circuit court. The magistrate entered an order awarding a verdict in favor of the plaintiff. However, the plaintiff filed a voluntary dismissal of the case. The plaintiff thereafter filed a new action in circuit court. The circuit court dismissed the action, on res judicata principles, because the case was previously adjudicated in the magistrate court and was not appealed. The plaintiff appealed the dismissal of the new action. This Court affirmed for the following reasons:

> [O]ne of the primary questions that an appellate court must address in reviewing magistrate court judgments is whether the litigants had an opportunity to receive a full hearing on their claim and whether the magistrate rendered a final judgment. Where these conditions are fulfilled, the judgment of a magistrate court is entitled to finality unless overturned on appeal.
>
> . . . .
>
> Mrs. Finnegan, received a full and fair hearing in the magistrate court. Ms. Finnegan chose not to consult a lawyer for advice until after her case was heard and both parties had presented their evidence. The reason for her request to dismiss her cause

14

of action was that she wished to move to the circuit court where there is no jurisdictional limit on the amount of recovery. This court agrees with the appellee . . . that a proper magistrate court decision bars the subsequent relitigation of a lawsuit in circuit court. This is not a case in which a litigant attempted to set aside a magistrate court judgment . . . and get a new trial in the magistrate court. Nor is Ms. Finnegan appealing the magistrate's verdict . . . or amending the ad damnum clause while her case is pending appeal. The appellant quite simply requests this court to pretend that a valid, prior judgment of a magistrate court may be discarded because one litigant became apprehensive during the proceedings and wished the whole business could simply vanish. This Court cannot agree.

For the above reasons, the judgment of the Circuit Court of Cabell County in Case No. 16021 is affirmed[.]

*Truglio*, 174 W. Va. at 68-70, 322 S.E.2d at 700-02 (citations omitted).

The decisions in *Monongahela Power* and *Truglio* teach us, and we so hold, that the doctrines of collateral estoppel and res judicata apply to a magistrate court judgment only when it becomes final,[15] either through failure to appeal that judgment or after exhausting appellate proceedings.[16] *Monongahela Power* also instructs us, and we so hold,

---

[15]Although *Monongahela Power* and *Truglio* addressed only the issue of res judicata, the reasoning is the same for the doctrine of collateral estoppel. *See Rovello v. Lewis Cnty. Bd. of Educ.*, 181 W. Va. 122, 124, 381 S.E.2d 237, 239 (1989) ("For both collateral estoppel and res judicata there must have been a final judgment rendered disposing of a case.").

[16]*See In re Casey*, No. 08-10777, 2008 WL 4552195, at *3 (Bankr. E.D. Tenn. Oct. 6, 2008) ("[R]es judicata and collateral estoppel apply only if judgment is final; judgment is not final as long as there is a right to appellate review." (internal quotations and citation omitted)); *Slavens v. Board of Cnty. Comm'rs for Uinta Cnty.*, 854 P.2d 683, 685

(continued...)

15

that when a party appeals a magistrate court judgment to circuit court and also files a separate civil action in circuit court arising from the same facts in the case appealed, that new claim should be treated as an amendment to the magistrate court pleading on a de novo appeal. Although the decision in *Monongahela Power* did not expressly mention the word amendment, the practical effect of the decision in the case was that the plaintiffs' new complaint would be treated as an amendment to pleadings for a de novo appeal of the magistrate judgment. *See* W. Va. R. Civ. P. (a)(1) ("[N]o pleadings other than those used in the case in the magistrate court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected."). *See also Cordell v. Jarrett*, 171 W. Va. 596, 599, 301 S.E.2d 227, 231 (1982) ("[O]nce an appeal has been granted, but not prior thereto, a party may move to amend pleadings[.]"); *Grant v. Wyatt*, 61 W. Va. 133, 135, 56 S.E. 187, 187 (1906) ("The trial upon an appeal may be upon the pleadings filed. . . , or upon new or amended pleadings." (citation omitted). Further, under *Monongahela Power*, the new amended pleading is subject to relief that is no greater than that which is allowed in magistrate court. *See* Syl. pt. 2, *Monongahela Power*, 174 W. Va. 593, 328 S.E.2d 200 ("The general rule is that on a de novo appeal from a magistrate court judgment, the amount demanded cannot be increased beyond the jurisdictional limit of the magistrate court."). *Accord Burr v. Elmore*, No. 13-1078, 2014 WL 5328638, at *3 (W. Va. Oct. 20, 2014)

---

[16](...continued)
(Wyo. 1993) ("decision became final with affirmance after appeal to the district court and no further appeal, the doctrines of res judicata and collateral estoppel applied").

(memorandum decision) ("[T]his Court agrees with the parties that the circuit court erred when it awarded money damages in excess of its jurisdictional limit for a civil appeal from magistrate court.").

The decision in *Monongahela Power* requires further discussion because it really addresses an equitable public policy remedy: when a pro se litigant obtains a judgment in magistrate court that he or she does not like, and thereafter retains an attorney to litigate the case in a new action in circuit court without the damages limitations of magistrate court. In *Monongahela Power* we realized that this double bite at the apple could not be precluded under the traditional issue and claim preclusion doctrines because the magistrate court judgment was not final. In order to prevent the manipulation of our judicial system in this manner, we decided in *Monongahela Power* that a plaintiff attempting this double bite at the apple would not be able to obtain relief beyond that which was allowed in magistrate court. For this reason, the decision in the case treated the new action essentially as nothing more than amendment to the existing magistrate court pleadings. More importantly, the amendment in *Monongahela Power* did not add a new cause of action. *See McMahon v. Charles Schulze, Inc.*, 483 S.W.2d 666, 668 (Mo. Ct. App. 1972) ("[T]he amendments permitted are those which merely amplify, clarify, or perfect issues or claims set out in the original petition.").

In view of our decisions in *Monongahela Power* and *Truglio*, the Petitioners'

reliance on the doctrines of collateral estoppel and res judicata is not valid. The record is

clear in showing that the original magistrate court judgment is not final because it is still

pending as an appeal. However, under the decision in *Monongahela Power*, we believe

Counts I and II are not properly before the circuit court under its original jurisdiction.

The allegations in Count I, seeking unpaid wages under a theory of quantum

meruit, arise out of the magistrate court claim for unpaid wages and, pursuant to the authority

of *Monongahela Power*, should be treated as an amendment to the magistrate pleadings.[17]

Further, under the decision in *Monongahela Power*, the Respondent is precluded from

seeking damages greater than those which were allowed in magistrate court at the time he

filed his original claim in magistrate court.

The allegation in Count II of Respondent's complaint is not the type of claim

that the decision in *Monongahela Power* indicated could be treated as an amendment to the

pleadings of a magistrate appeal. In *Monongahela Power*, the new action by the plaintiffs

in circuit court made "the same allegations and demands for judgment." *Monongahela

Power*, 174 W. Va. at 594, 328 S.E.2d at 202. *See Gaster v. Belak*, 318 A.2d 628, 628 (Del.

---

[17]We interpret Count I as merely setting forth a different theory of recovery, not a new cause of action.

18

Super. Ct. 1974) ("The right of appeal extends only to a review by retrial of the same cause of action that was heard and decided below."). Count II of Respondent's complaint sets out an entirely new cause of action for penalty damages under the West Virginia Wage Payment and Collection Act. This Court has recognized the general rule that "[a]mendments for additional causes of action may not be allowed on appeal from magistrate court." *Cordell*, 171 W. Va. at 600, 301 S.E.2d at 231 (citations omitted). That is, "[a]mendments are allowed . . . only to supply any deficiency or omission in the original statement, not to inject a new item or cause of action not embraced or intended to be included in the original account or statement." *McMahon v. Charles Schulze, Inc.*, 483 S.W.2d 666, 668 (Mo. Ct. App. 1972) (internal quotations and citations omitted). *See Blue v. Supreme Camp of Am. Woodmen*, 135 S.W.2d 373, 375 (Mo. Ct. App. 1940) ("O]n the appeal to the circuit court, no new cause of action not embraced or intended to be included in the original statement may be added by an amendment."). We now make clear, and so hold, a circuit court may not allow an amendment for an additional cause of action, on appeal from a magistrate court judgment, that does not embrace the original magistrate court pleading. An amendment is allowed only to supply any deficiency or omission in the original pleading, not to inject a new item or cause of action not embraced by the original pleading.

The issue we must decide is whether the new cause of action in Count II could be said to have been "embraced" by the original claim for unpaid wages. We think it was.

19

A claim for unpaid wages has long carried a statutory penalty. *See Mullins v. Venable*, 171 W. Va. 92, 94, 297 S.E.2d 866, 869 (1982) ("The West Virginia Wage Payment and Collection Act is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld."). The statute, W. Va. Code § 21-5-4(e), provides that an employer "is liable to the employee for two times that unpaid amount as liquidated damages."[18] We believe that, as a general matter, most claims for unpaid wages should embrace the liquidated damages provision in W. Va. Code § 21-5-4(e). We therefore believe that Count II of the complaint should be treated as an amendment to the magistrate pleadings. However, as we have pointed out previously, the Respondent is precluded from being awarded any damages greater than those which were permitted in magistrate court at the time he filed his original claim in magistrate court.

The Respondent also argues that the claims in Counts I and II should be treated as viable independent claims because the parties are different. The Respondent contends that the defendant he sued in magistrate court, Plum Hill, is not named as a party in his complaint. We summarily reject this argument. It is true that the caption of the circuit court complaint names three defendants[19] that were not named in the magistrate counterclaim as defendants. However, the body of the circuit court complaint states that these "Defendants were, at all

---

[18]Prior to a 2015 amendment, the statute allowed treble damages.

[19]Namely, the Petitioners herein.

20

relevant times, operating a multi-family housing complex in Masontown . . ., under the name of Plum Hill Terrace Apartments." By acknowledging in the body of the complaint that the Petitioners operated Plum Hill, the Respondent is estopped from now claiming that the Petitioners are, for litigation purposes, different from the defendant named in the magistrate court proceeding. In fact, throughout Count I and II of the complaint the Respondent repeatedly refers to the Petitioners as the "Plum Hill" defendants. For example, in Count I, paragraph 19 of the complaint the following is set out:

> 19. When he undertook employment at Plum Hill it was with the reasonable and mutual expectation that he would be paid for the value of services he performed on behalf of the *Plum Hill Defendants*. . . . Thus, the Plaintiff Summers asserts that the *Plum Hill Defendants* owe him $6,700.00 in unpaid wages pursuant to the doctrine of quantum meruit. To this date, the *Plum Hill Defendants* have been unjustly enriched by profiting from Mr. Summers' services.[20]

(Emphasis added).

In sum, Counts I and II are not barred by res judicata and collateral estoppel. However, those counts may go forward in circuit court only as amendments to the magistrate court pleadings. Any judgment in favor of the Respondent cannot exceed that which was allowed in magistrate court at the time of the filing of the original counterclaim.

---

[20]The Respondent has attempted to argue that Plum Hill is a shell company that could not be sued, and therefore a judgment could not be enforced against it. In this proceeding, we are not concerned with whether a judgment could be enforced against Plum Hill.

### C. Staying the Wrongful Termination Claim

The final issue presented by the Petitioners is a request to require the circuit court to stay the litigation in Count IV until after the resolution of the magistrate appeal.[21] Based upon our analysis of the decision in *Monongahela Power*, Count IV is not properly before the circuit court. *See River Riders, Inc. v. Steptoe*, 223 W. Va. 240, 249 n.14, 672 S.E.2d 376, 385 n.14 (2008) ("Issues of jurisdiction may be raised by this Court sua sponte."); *Expedited Transp. Sys., Inc. v. Vieweg*, 207 W. Va. 90, 96, 529 S.E.2d 110, 116 (2000) ("[B]efore reaching the substantive issues raised, we must first contemplate whether the circuit court had jurisdiction to consider the appeal of this matter.").

Count IV of the complaint sets forth a cause of action under *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978), for wrongful discharge. We held in the single Syllabus point of *Harless* that:

> The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

---

[21]It should be recalled that the Petitioners originally had filed a motion in circuit court to dismiss Count IV, along with Counts I and II. The Petitioners have not explained why they now simply want to stay the litigation of Count IV.

22

Based upon our previous analysis, the *Harless* claim is a new cause of action. *See Wegener v. Erdman*, 154 S.W.2d 969, 970 (Tex. Civ. App. 1941) ("[W]e call attention to the rule that the plaintiff cannot set up in the county court a different cause of action from that sued upon in the justice court."). Consequently, that claim can be brought into the litigation only as an amendment of the magistrate court pleading, if it is embraced by that pleading. *See Personal Fin. Co. of Wellston v. Schwartz*, 170 S.W.2d 701, 704-705 (Mo. Ct. App. 1943) ("[T]he rule is firmly established that where the proposed amended petition seeks to set up a cause of action different from the one alleged in the petition which it is to amend or replace, such proposed amended petition will not be allowed.").

We believe that the *Harless* claim is a new cause of action that is not embraced by the magistrate cause of action for unpaid wages. The facts establishing failure to pay wages are quite different from those required to show wrongful discharge–the nature of the evidence is simply not the same.[22] This difference is the reason why the *Harless* claim is not embraced by the claim for unpaid wages. We therefore conclude that the *Harless* claim must be dismissed as a matter of law because the circuit court does not have authority over that claim in an appeal from the magistrate court proceeding.[23] *See Hamby Co. v. Palmer*, 631

[22]For example, in Count IV of the complaint the Respondent alleged that "[t]he Plum Hill Defendants' discharge of [him] for questioning [his] employer's compliance with the Federal program was in violation of a substantial public policy."

[23]We will note that, under the facts of this case, even if we had taken the
(continued...)

23

S.W.2d 589, 592 (Tex. App. 1982) ("Palmer impermissibly pled a new ground of recovery

not previously advanced in the justice court and the award based on that new pleading cannot

stand.").

[23](...continued)
position that a claim like the *Harless* cause of action could go forward as an independent action under the original jurisdiction of the court, ultimately the *Harless* claim would be subject to dismissal under res judicata principles once the magistrate court appeal became final. That is, assuming the Respondent obtained a favorable judgment on the magistrate appeal, the Petitioner could then take that final judgment and use it to attack the independent *Harless* claim on the grounds of res judicata. *See* Syl. pt. 1, *Johnson v. Rogers*, 110 W. Va. 232, 157 S.E. 409 (1931) ("Judgment conclusively determines merits between same parties as to all matters which were or might have been litigated; judgment is binding as estoppel in all other actions between same parties whether commenced before or after action resulting in judgment."). *See also Hoffman v. Nordic Naturals, Inc*., No. 15-1362, 2016 WL 4791848 (3d Cir. Sept. 14, 2016) (res judicata applied to second action that was filed several days before first action became final); *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1049-50 (N.D. Ill. 2005) ("Because res judicata requires a final judgment, the Oceanic Defendants' res judicata argument was not ripe at the time they filed their first motion to dismiss. Accordingly, Rule 12(g) does not bar the Oceanic Defendants from arguing res judicata in this motion, nor have the Oceanic Defendants waived that argument." (citation omitted)). *See generally Caperton v. A.T. Massey Coal Co.*, 223 W. Va. 624, 658-59, 679 S.E.2d 223, 257-58 (2008), *rev'd on other grounds and remanded*, 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009) ("Although normally the res judicata effect of a prior judgment must be pleaded and proven at trial, when the judgment becomes final during the pendency of an appeal in another action, the first final judgment may be brought to the attention of the appellate court in which the appeal is pending and may there be relied on as res judicata.") (internal quotations and citation omitted)). We will point out that one way in which a magistrate court judgment cannot be used to invoke res judicata is set out under Rule 42(b). A provision in that rule provides that a favorable magistrate judgment to a party of $15.00 or less cannot be the basis for res judicata under the circumstances outlined by the rule. *See* Lugar and Silverstein, "Civil Procedure," Rule 42(b), pgs. 347-48 (discussing the origin of this provision).

## IV.
## CONCLUSION

In this proceeding for a writ of prohibition, we have determined the following. First, the circuit court is prohibited from exercising original jurisdiction over Counts I and II of the complaint. However, those two counts may go forward in circuit court as amendments to the magistrate court pleadings, but are subject to the monetary limit of the magistrate court at the time the original counterclaim was lodged. Second, the circuit court is prohibited from exercising original jurisdiction over Count IV of the complaint. That count must be dismissed as a matter of law. This case is remanded to the circuit court for proceedings consistent with this opinion.

Writ Granted As Moulded.