WALKER, Justice:
William Williams sued Garland DeCourcy in magistrate court to recover a computer, a telephone system, and keys to a vehicle. Mr. Williams prevailed in a bench trial and Ms. DeCourcy was ordered to return certain property to him. On appeal to circuit court, Ms. DeCourcy sought to limit the evidence considered to the evidence presented to the magistrate court. The circuit court ruled that a trial de novo by definition authorizes it to consider additional evidence, including witness testimony not presented in magistrate court. Ms. DeCourcy invokes this Court's original jurisdiction to prohibit the circuit court from proceeding and contends that the applicable statute prohibits the circuit court from hearing witness testimony not offered below. We disagree and deny the writ.
I. FACTUAL AND PROCEDURAL BACKGROUND
Mr. Williams pursued his claim to recover a computer, telephone system, and keys to a vehicle from Ms. DeCourcy at a bench trial in magistrate court conducted on December 7, 2016. During the bench trial, Mr. Williams introduced three exhibits referenced in the record only as A, B, and C. The appendix record is unclear as to whether either party testified.[1] However, Mr. Williams contends that he offered proof of purchase of the computer and the telephone system but could not prove that he owned the vehicle. The magistrate court ruled in favor of Mr. Williams as to the computer and telephone system and ordered Ms. DeCourcy to return those two items within thirty days. The magistrate court further ordered that if the property was not returned, judgment would be awarded to Mr. Williams for the retail value of the items, which was $2,139.88.
Ms. DeCourcy appealed to the Circuit Court of Pocahontas County and filed a motion to dismiss the case on the grounds that Mr. Williams could not meet his burden of proof. She claimed that because Mr. Williams did not call any witnesses in the magistrate court bench trial, he was precluded from calling any witnesses in the circuit court on appeal. By order entered June 12, 2017, the circuit court denied Ms. DeCourcy's motion on the basis that a trial de novo, by definition, authorizes the circuit court to hear new evidence, including "witness testimony not previously offered in the nonjury trial held by the Magistrate of Pocahontas County." Ms. DeCourcy then filed this petition for writ of prohibition.
II. STANDARD OF REVIEW
Ms. DeCourcy seeks a writ of prohibition claiming the circuit court exceeded its legitimate powers by ruling that Mr. Williams could present testimony from witnesses who never testified at the magistrate *837 court trial. To determine whether a circuit court has exceeded its legitimate powers, we consider the following factors:
In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the Respondent will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[2]
With this standard in mind, we turn to the parties' arguments.
III. DISCUSSION
In this case, we consider whether the record in a civil bench trial in magistrate court limits the scope of evidence that may be considered by the circuit court when the case is appealed. West Virginia Code § 50-5-12 governs appeals from magistrate court to circuit court and provides, "the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."[3] Ms. DeCourcy contends that this provision is tempered by the delineation of the "exclusive record for appeal" in a separate subsection of the same article: "[t]he exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for appeal and shall be made available to the parties."[4] Ms. DeCourcy contends that this reference to the "exclusive record" precludes Mr. Williams from presenting witness testimony not offered at the bench trial in magistrate court to the circuit court on appeal. In support of this position, Ms. DeCourcy argues, among other things, that a trial de novo in this context is merely a "fresh presentation of the evidence" limited to the evidence presented to the magistrate court.
We begin our analysis with our established rule of statutory construction that "[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."[5] Based on the plain language of West Virginia Code § 50-5-12(b) -providing that an appeal from a civil bench trial in magistrate court is "a trial de novo" in circuit court[6] -we focus on the meaning of that term. "Trial de novo" is a commonly used and understood term, defined as "[a] new trial on the entire case-that is, on both questions of fact and issues of law-conducted as if there had been no trial in the first instance."[7]
While we have not previously considered the meaning of trial de novo in West Virginia Code § 50-5-12(b), the circuit court noted that we addressed the definition of "de novo" in the context of an administrative appeal in West Virginia Division of Environmental Protection v. Kingwood Coal Company.[8] In that case, we considered the standard of *838 review for an oversight board (the Surface Mine Board) in an appeal from a decision by an executive agency (the Department of Environmental Protection) and concluded that the Surface Mine Board properly conducted a "de novo hearing."[9] We observed that "the term de novo means anew; afresh; a second time."[10] We further noted that the plenary nature of the term afforded the Surface Mine Board the ability to act independently without any presumption of correctness attaching to the decision below.[11] We find that these same principles apply in the context of this case.
It is also evident that the statutory reference to "exclusive record" does not limit the authority of the circuit court to hear new evidence when we compare West Virginia Code §§ 50-5-8(e) and (f), which provide when a magistrate court is designated as a "court of record"[12] as follows:
(e) For purposes of appeal, when a jury trial is had in magistrate court, the magistrate court shall be a court of limited record. Trials before a magistrate when a jury is empaneled shall be recorded electronically....
* * * *
(f) If neither party to a civil action demands a jury trial, or if the defendant in a criminal proceeding waives the right to a trial by jury, the matter shall be tried by the magistrate sitting without a jury. For purposes of appeal, when a nonjury trial is had in magistrate court, the magistrate court shall not be a court of limited record[13] and the magistrate shall not electronically record the action or proceeding.[14]
Under this statutory scheme, in the case where a jury is empaneled the magistrate court is "a court of limited record"[15] and is required to record the proceedings and transcribe them if requested for appeal. In the case where no jury is empaneled, there is no electronic recording, or transcript, of the proceeding, and the only record for appeal is the court file and the documents or non-testimonial evidence generated during that case.
The effect of these designations is that the "exclusive record" in an appeal from a magistrate court bench trial in a civil case is limited to documents and non-testimonial evidence because the Legislature designated magistrate court bench trials in civil cases as "courts not of limited record."[16] Thus, there is no electronic recording or transcript of the proceedings, but only the documents that were presented to the magistrate. This specific designation, however, in no way restricts the circuit court's authority to conduct a trial de novo.[17]
*839 We therefore hold that an appeal of a civil action tried before a magistrate without a jury under West Virginia Code § 50-5-12(b) (2016) shall be a trial de novo, meaning a new trial in which the parties may present new evidence including witness testimony not presented in magistrate court.[18]
Our holding requires that we clarify dicta in our prior decision in State v. Neal,[19] a criminal case appealed to circuit court by the defendant after he was convicted in a bench trial in magistrate court. In Neal, the defendant called a witness to testify at the circuit court trial de novo and the circuit court ruled that the witness could not testify because she had not testified in the magistrate court proceeding below.[20] We were asked to rule on the propriety of the circuit court's refusal to allow the testimony but concluded that the defendant did not properly preserve for appeal his objection to the ruling. Accordingly, we declined to address the merits of the argument.[21] However, in footnote 13 of Neal we noted:
The State maintains that because Ms. Hudson had not been called as a witness in the underlying magistrate court trial, her previously unheard testimony would have been improper for purposes of appeal to the circuit court. West Virginia Code § 50-5-13(d) does not expressly refer to "witness testimony" on appeal from magistrate court to circuit court, by confining the "exclusive record for appeal" to the "exhibits, together with all papers and requests filed in the proceeding," but the statute does appear to limit new evidence to be included on appeal.[22]
Ms. DeCourcy asserts that the State's argument explained in footnote 13 in Neal is a persuasive position that we should apply in this case. However, our holding in Neal turned exclusively on the defendant's failure to preserve an issue for appeal.[23] The underlying facts in Neal had no bearing on our decision because we never reached the merits of the alleged error. To the extent Neal suggests otherwise, it is overruled.
As the circuit court did not err in its determination that new evidence including witness testimony was proper in the appeal from magistrate court, it did not exceed its legitimate powers and we find that a writ of prohibition is not appropriate.
IV. CONCLUSION
Based upon the foregoing, the requested writ is denied.
Writ denied.

In her brief, Ms. DeCourcy states that "no party can state a witness was sworn and offered testimony subject to cross examination." On the other hand, Mr. Williams represents that both parties were sworn to testify.

Syl. Pt. 4, State ex rel. Hoover v. Berger, 199 W.Va. 12, 483 S.E.2d 12 (1996).

W.Va. Code § 50-5-12(b)(2016).

W.Va. Code § 50-5-12(d)(1).

Syl. Pt. 2, Crockett v. Andrews, 153 W.Va. 714, 172 S.E.2d 384 (1970).

Similarly, Rule 18(d) of the Rules of Civil Procedure for Magistrate Courts of West Virginia provides, "[a]n appeal of a civil action tried before a jury in magistrate court shall be heard on the record in circuit court. An appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury."

Black's Law Dictionary 1737 (10th ed. 2014).

200 W.Va. 734, 490 S.E.2d 823 (1997).

Id. at 745, 490 S.E.2d at 834. We cite Kingwood Coal for its analogous procedural posture. However, we acknowledge that Kingwood Coal included a statute specifically outlining the additional types of evidence the Surface Mine Board could receive. Id. at 744-45, 490 S.E.2d at 833-34.

Id. at 745, 490 S.E.2d at 834 (cleaned up).

Kingwood Coal, 200 W.Va. at 745, 490 S.E.2d at 834.

Article VIII, Section 10 of the West Virginia Constitution mandates, in part, that magistrate courts "shall be courts of record if so prescribed by law." Thus, the Legislature has the discretionary power to designate when and to what extent a magistrate court is a court of record.

A "court not of [limited] record," is "[a]n inferior court that is not required to routinely make a record of each proceeding and usu[ally] does not." Black's Law Dictionary 431 (10th ed. 2014).

W.Va. Code § 50-5-8 (2016) (emphasis added) (footnote added).

W.Va. Code § 50-5-8.

W.Va. Code § 50-5-8(f).

We acknowledge that other restrictions affect the circuit court's authority on appeal, including those regarding discovery and pleadings set forth in Rule 81(a)(1) of the Rules of Civil Procedure. In addition, we have held:
A circuit court may not allow an amendment for an additional cause of action, on appeal from a magistrate court judgment, that does not embrace the original magistrate court pleading. An amendment is allowed only to supply any deficiency or omission in the original pleading, not to inject a new item or cause of action not embraced by the original pleading.
Syl. Pt. 4, State ex rel. Veard v. Miller, 238 W.Va. 333, 795 S.E.2d 55 (2016).

Ms. DeCourcy maintains that because discovery is not permitted in appeals from magistrate court bench trials, the parties will not be able to prepare for trial. She argues that prohibiting discovery but allowing new evidence violates her due process rights. We emphasize that discovery is irrelevant to the issue before us. This is a case for magistrate court that is intended to be resolved at little or no cost in trial preparation. As such, we are unpersuaded by the assertion that Ms. DeCourcy's due process rights will be violated.

No. 15-0684, 2016 WL 6520222 (W.Va. Nov. 3, 2016) (memorandum decision).

Id. at *3.

Id. at *5-6.

Id. at *6 n.13.

Id. at *6.