**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jason Farley,**
**Defendant Below, Petitioner**

**vs)    No. 18-0235** (Cabell County 17-CAP-022)

**Ronnie Myers,**
**Plaintiff Below, Respondent**

**FILED**

**March 10, 2020**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Jason Farley appeals the February 13, 2018, order of the Circuit Court of Cabell County dismissing his appeal of a default judgment against him in the Magistrate Court of Cabell County.[1]   Respondent Ronnie Myers filed a summary response.[2]

Upon consideration of the standard of review, the parties' briefs, oral arguments and the record on appeal, the Court finds no substantial question of law or prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 23, 2017, Respondent sued Petitioner in the Magistrate Court of Cabell County alleging breach of a lease agreement and seeking back rent and possession of commercial real property located at 2333 Adams Avenue, Huntington, West Virginia.[3] On November 16, 2017, after Petitioner failed to file an answer as required by Rule 4(b)(4)

---

[1] Mr. Farley is self-represented in this appeal.

[2] Mr. Myers is represented by counsel, Charles W. Peoples, Jr.

[3] Although the magistrate court record in Case No. 17-M06C-02546 was omitted from Petitioner's appendix, we take judicial notice of it under Rule 6(b) of the Rules of Appellate Procedure.

1

of the Rules of Procedure for Magistrate Courts,[4] Respondent filed an affidavit seeking a default judgment in the amount of $2,800 and possession of the property. By order that same day, the magistrate court awarded default judgment to Respondent plus $70 in court costs, with interest at 7% per year, and possession of the property. Petitioner filed a motion to set aside the default judgment on November 20, 2017, explaining that he was aware of Respondent's action, but that the clerk's office informed him that he could not file an answer until he was served with the complaint. Petitioner alleged that "[he] was never served." On December 12, 2017, the magistrate court denied Petitioner's motion to set aside the default judgment.

Petitioner appealed to the Circuit Court of Cabell County on December 20, 2017. The circuit court held a trial de novo on January 26, 2018, but restricted its inquiry to whether Petitioner was properly served with Respondent's complaint. Respondent presented the testimony of two process servers. The first testified that Petitioner evaded two attempts to serve him. The second process server testified that he successfully served Petitioner. Then, Respondent introduced the return of service, which reflected that Petitioner was served on November 5, 2017. During Petitioner's testimony, he questioned the return of service, which suggested that it was filed in the circuit clerk's office on November 9, 2017, before it was notarized on November 10, 2017. In response, the circuit court scheduled another hearing to allow Respondent to present the notary public's testimony.

At the February 9, 2018 hearing, the notary public testified that she mistakenly wrote November 10, 2017, on the return of service when the actual date was November 9, 2017. During cross-examination by Petitioner, the notary public testified that she made a mistake as to the date when she notarized the return of service, but otherwise properly notarized the document on November 9, 2017. By order entered February 13, 2018, the circuit court ruled that Respondent's witnesses provided credible testimony that Petitioner was properly served with the complaint, and based on that finding, dismissed Petitioner's appeal. Petitioner now appeals the circuit court's dismissal of his appeal.

---

[4] Rule 4(b)(4) of the Rules of Procedure for Magistrate Courts provides that, "[t]he answer shall be filed and served by the defendant: . . . [i]n cases of unlawful entry and detainer and wrongful occupation of residential rental property, within 5 days after service of the summons and complaint."

On appeal, Petitioner argues that Respondent bore the burden of proving his case and should not have prevailed.[5] Respondent counters that the sole issue on appeal is whether the circuit court correctly found that Petitioner was properly served with the complaint.

West Virginia Code § 50-5-12(b) (2016) provides that "[i]n the case of an appeal of a civil action tried before the magistrate without a jury [bench trial], the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."[6] And the statute states that in the case of an appeal of a magistrate court bench trial, "the exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for appeal."[7] In *State ex rel. DeCourcy v. Dent*,[8] this Court explained that "the statutory reference to 'exclusive record' does not limit the authority of the circuit court to hear new evidence,"[9] and so, "[a]n appeal of a civil action tried before a magistrate without a jury under West Virginia Code § 50-5-12(b)(2016) shall be a trial de novo, meaning a new trial in which the parties may present new evidence including witness testimony not presented in magistrate court."[10] In so holding, we acknowledged that other restrictions affect the circuit court's authority on appeal, including those regarding discovery and pleadings set forth in Rule 81(a)(1) of the West Virginia Rules of Civil Procedure.[11]

---

[5] Petitioner's assignments of error are unclear and unsupported by the record. We address Petitioner's arguments as they can best be discerned.

[6] Similarly, Rule 18(d) of the Rules of Civil Procedure for Magistrate Courts provides that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury."

[7] W. Va. Code § 50-5-12(d)(1).

[8] 240 W. Va. 163, 807 S.E.2d 834 (2017).

[9] *Id.* at 167, 807 S.E.2d at 838.

[10] *Id.* at Syl. Pt. 3.

[11] *Id.* at 167 n.17, 807 S.E.2d at 838 n.17. Because this case involves a default judgment rather than a bench trial, it is not directly on-point with the facts in *DeCourcy* or the circumstances contemplated in West Virginia Code § 50-5-12(b).

Rule 81(a)(1) provides that in reviewing decisions of magistrate courts, "no pleadings other than those used in the case in the magistrate court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected." So, although Petitioner attempts to assert arguments regarding the substantive merits of the claims filed against him, our review is properly limited to the issue of whether Petitioner had established good cause under Rule 17(e) of the Rules of Civil Procedure for Magistrate Courts for why he failed to answer the complaint and why the default judgment should be set aside.[12]

In syllabus point one of *Public Citizen, Inc. v. First National Bank in Fairmont*,[13] we held that:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

In this case, the circuit court took evidence of whether Petitioner was properly served with Respondent's complaint. Our review of the circuit court's consideration of the evidence is limited; we have said that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."[14] Rule 52(a) of the West Virginia Rules of Civil Procedure provides that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, the circuit court heard all the evidence and found that the testimony that Petitioner was properly served with the complaint on November 5, 2017, was credible.

After reviewing the trial transcripts, we cannot say that the circuit court's findings were clearly erroneous. The evidence was clear that service of process was properly

---

[12] Rule 17(e) of the Rules of Civil Procedure for Magistrate Courts provides that "[w]here judgment is entered by default, good cause may be shown by either excusable neglect or unavoidable cause."

[13] 198 W. Va. 329, 480 S.E.2d 538 (1996).

[14] *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

4

accomplished under Rule 4 of the West Virginia Rules of Civil Procedure by a person who was not a party, who was at least 18 years of age, and who handed and delivered a copy of the summons and complaint to Petitioner personally. Because Petitioner presented nothing to undermine the evidence presented by Respondent, the circuit court's denial of Petitioner's appeal asking to set aside the default judgment was not an abuse of discretion.[15]

For the foregoing reasons, we affirm the circuit court's February 13, 2018, order denying Petitioner's motion to set aside the magistrate court judgment.

Affirmed.

**ISSUED**: March 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[15] Petitioner notes that November 5, 2017, was a Sunday and argues that West Virginia Code § 56-3-16 generally prohibits service of process on a Sunday. Petitioner also asserts that he attempted to raise this argument at trial, but was prevented from doing so by the circuit court. We find that the trial transcripts suggest otherwise, because the only time that Petitioner referred to the transaction of business on a Sunday was when he stated that documents could be notarized on Sundays. Because Petitioner failed to raise the application of West Virginia Code § 56-3-16 before the circuit court, we find that he waived it. *See State ex rel. Staley v. Hereford*, 131 W. Va. 84, 87, 45 S.E.2d 738, 740 (1947) (finding that West Virginia Code § 56-3-16 must be raised with such specificity as to allow the court to determine whether any exception to the statutory prohibition applies).