# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBIN HAMMER,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-443**       (Cir. Ct. Randolph Cnty. Case No. CC-42-2024-C-AP-7)

**BEVERLY MANOR,**
**Plaintiff Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robin Hammer appeals two orders from the Circuit Court of Randolph County. The first is an order dated September 20, 2024, which denied Mr. Hammer's magistrate court appeal, and the second is an order dated October 8, 2024, which denied Mr. Hammer's motion for a new trial. Respondent Beverly Manor did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Beverly Manor is a HUD-approved ("Section 8") housing facility, where Mr. Hammer had been a long-term Section 8 tenant. On June 13, 2024, Beverly Manor provided Mr. Hammer with a thirty-day termination notice, which indicated that Mr. Hammer's leasehold was being terminated because he had "engaged in conduct tantamount to interference with the management of the premises, in direct contravention of both the lease agreement and HUD regulations."[2] On August 1, 2024, Beverly Manor

---

[1] Mr. Hammer appears pro se.

[2] The June 13, 2024, notice elaborated on Mr. Hammer's purported violation, stating:

> Specifically, your continuous and unwarranted insertion into matters and requests for information to which you hold no entitlement, and which do not fall within the purview of either the property or its management, constitutes a material breach of your lease obligations. Furthermore, your persistent opposition to most, if not all, notices disseminated by this office, as well as

1

filed a wrongful occupation petition against Mr. Hammer in the Magistrate Court of Randolph County. The petition generally alleged that Mr. Hammer was a month-to-month tenant who had breached his leasehold, and that his eviction "was due to [Mr. Hammer] interfering with management (continu[ously])[.]" The petition further alleged that Mr. Hammer had failed to comply with the thirty-day notice he had received to vacate his apartment no later than July 31, 2024, at 4:00 p.m. Beverly Manor sought the removal of Mr. Hammer and his belongings from the premises, as well as a judgment against Mr. Hammer for court costs.

Mr. Hammer filed an answer on August 6, 2024, which denied that he had violated his Section 8 lease ("Lease"), and asserted counterclaims against Beverly Manor. Mr. Hammer claimed that the petition did not sufficiently state the grounds for his eviction as required by the Lease.[3] He alleged that Beverly Manor's inspection and maintenance practices breached the Lease and the implied covenant of quiet enjoyment. He also raised a counterclaim for retaliatory eviction.

On August 6, 2024, the magistrate court entered a Civil Judgment Order, which granted Beverly Manor possession of the premises, directed Mr. Hammer to vacate by August 31, 2024, and awarded Beverly Manor all post judgment costs and fees, including $81.80 in court costs. Mr. Hammer appealed to circuit court.

The first circuit court judge ("first judge") assigned to the appeal entered an order on August 23, 2024, setting the appeal for hearing on September 17, 2024, at 3:30 p.m. In the order, the first judge disclosed prior adversarial dealings with Mr. Hammer and informed the parties that they had ten days to file an objection to the first judge presiding over the case. In response, Mr. Hammer filed a motion for disqualification, the first judge recused himself, and the case was assigned to another judge ("presiding judge").

On September 5, 2024, Mr. Hammer filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure, arguing that Beverly Manor's magistrate court petition was not sufficiently pled as required by the Lease and, thus, Beverly Manor had "failed to state a claim upon which relief can be granted," and the petition must be dismissed.

---

your adversarial stance during routine unit inspections conducted by our personnel, compounds the severity of the aforementioned violation. Of particular concern is your recent representative role on behalf of another tenant in a matter entirely unrelated to your tenancy or associated rights.

[3] On this issue, Mr. Hammer relied upon the following language in his Lease: "All termination notices must: . . . state the grounds for termination with enough detail for the Tenant to prepare a defense."

The presiding judge held the hearing on September 17, 2024, at which time Mr. Hammer appeared pro se and Beverly Manor appeared with counsel. As a preliminary matter, Mr. Hammer informed the court of his pending motion for judgment on the pleadings, and that if it were denied, he wanted to file a motion for summary judgment wherein he wanted to incorporate numerous documents he had recently received from a FOIA request served upon HUD. The presiding judge responded by informing Mr. Hammer that discovery and pleading stages are not reopened in a magistrate court appeal, and that he was only entitled to a new trial on the magistrate court record. Mr. Hammer disagreed and argued that his pleadings were permitted by the West Virginia Rules of Civil Procedure.

Mr. Hammer also took issue with what he believed was the presiding judge's failure to provide him notice upon judge reassignment that the hearing was still scheduled, in addition to failing to clarify that the hearing was intended to be a bench trial. Mr. Hammer claimed that due to these failures, he had not subpoenaed witnesses and was not in a position to try the case. At this juncture, the court informed Mr. Hammer that he would have only received notice if the hearing had been canceled or rescheduled, and that the court had no duty to remind him of the hearing, and to presume the hearing was going to be continued was a calculated risk on his part. It was further noted that the first judge's August 23, 2024, notice setting the appeal for "hearing" was self-explanatory.

The court then instructed Mr. Hammer to proffer which witnesses he would allegedly subpoena and what he anticipated the nature of their testimony to be. These included a member of Beverly Manor management, a HUD representative, and a State Fire Marshal. He later included "residents" of Beverly Manor among his list of potential witnesses. He maintained these witnesses would testify in support of the claims in his answer; namely, that Beverly Manor committed several fire code violations and Mr. Hammer had reported those violations to authorities, and that Beverly Manor was cited for the violations and then evicted him in retaliation. Mr. Hammer also proffered that the testimony would show that Beverly Manor breached the Lease. The circuit court took the motions under advisement and the bench trial commenced.[4]

Beverly Manor called its regional property manager, Brandon Sturdivant, as its only witness. Mr. Sturdivant testified that the premises is a Section 8 complex with approximately 80 units. He indicated that under the terms of a Section 8 lease, interference with management is grounds for eviction. His testimony identified several actions by Mr.

---

[4] For reasons unexplained in the record, a complete transcript was not provided by Mr. Hammer in the appendix record. The provided transcript omits several pages, including portions of witness testimony and the circuit court's rulings at the close of evidence. However, the incomplete nature of the transcript does not change the outcome of this appeal.

Hammer that constituted interference and violated the Lease. Mr. Hammer objected to this testimony, contending that because Beverly Manor's magistrate court petition did not enumerate each violation with specificity, Mr. Sturdivant could not testify to them. Mr. Hammer also conceded that he did not request discovery in magistrate court because the magistrate court hearing was held shortly after he was served, and that he did not seek a continuance in magistrate court. On this issue, the circuit court overruled Mr. Hammer's objection, finding that the court was sitting as trier of fact and would determine the relevancy and weight of the evidence. The court found that the magistrate court petition was sufficiently pled to put Mr. Hammer on notice of the nature of the breach alleged by Beverly Manor. Following Mr. Sturdivant's testimony, Mr. Hammer testified on his own behalf and generally denied that he had violated the Lease.

At the close of evidence, the circuit court denied Mr. Hammer's motion for judgment on the pleadings, because it had not been filed as part of the record in magistrate court. The court denied Mr. Hammer's request to continue the hearing for additional witnesses, finding his proffer of their testimony, if true, would not establish a retaliatory eviction.[5] On September 20, 2024, the court entered its order denying Mr. Hammer's appeal. Mr. Hammer was directed to vacate the premises by October 18, 2024. Mr. Hammer filed a motion for new trial on September 30, 2024, alleging that federal HUD regulations prevented his eviction. This motion was denied by order entered on October 8, 2024. This appeal followed.

There are two orders on appeal, each with separate standards of review. We begin by addressing Mr. Hammer's challenges to the circuit court's September 20, 2024, order denying his magistrate court appeal. For this order, our standard of review is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

---

[5] For example, the court noted that some of Mr. Hammer's complaints were six to seven years old and, thus, did not support his allegation that Beverly Manor evicted him in retaliation for reporting those violations. However, as noted above, our recitation of the circuit court's entire ruling is limited by the lack of a full transcript. Nevertheless, it does not affect our ruling herein.

On appeal we are presented with several assignments of error, which we will address in turn.[6] First, Mr. Hammer claims that the circuit court violated Rule 24.01(c) of the West Virginia Trial Court Rules by not providing him a copy of the court's order for the purpose of filing objections prior to its entry. This argument has no merit. This Rule states:

> Although it is preferred that orders be entered in accordance with subsection (b), unless the judicial officer otherwise directs, counsel responsible for the preparation and presentation of an order may submit the original of the proposed order to the judicial officer within eleven (11) days, with a copy to opposing counsel along with a notice to note objections and exceptions to the order within five (5) days after receipt of the proposed order or such lesser time as the judicial officer directs. Opposing counsel shall notify the presiding judicial officer, in writing, of his or her approval of or objection to the order or any portion thereof. In the event this subsection is utilized, the judicial officer shall consider the order for entry upon approval by all counsel, or after five (5) days from its receipt, if no objection is received by the judicial officer.

By its clear terms, Rule 24.01(c) only provides for distribution of proposed orders and the filing of objections when the order is prepared by counsel. Here, the circuit court prepared its own order. There is no language within this Rule, and Mr. Hammer cites no authority, which establishes that a circuit court has a duty to distribute drafts of its own orders to the parties prior to entry.

Along similar lines, Mr. Hammer also assigns error to the circuit court's failure to honor his request for the court reporter to send him a digital copy of the recording from the bench trial. Mr. Hammer contends he has previously been able to obtain copies of digital recordings from other court reporters in the past; however, he was not sent a copy of the recording in this case, but rather, only received a transcript of the bench trial after his appeal was filed. We find no merit in this argument. While Mr. Hammer preferred to receive a copy of the bench trial's digital recording in lieu of a prepared transcript, he has failed to establish any legal authority stating that he is entitled receive a copy of the proceedings in a medium of his choosing. Moreover, because Mr. Hammer timely received a copy of the

---

[6] Among his assignments of error, Mr. Hammer contends that the first judge violated the Code of Judicial Conduct by taking any action in this case when the court's conflict was evident. We lack jurisdiction over these issues and will not address the same. *See* W. Va. Code § 51-11-4(d)(6) (2024) (stating that this Court does not have jurisdiction over proceedings before the Judicial Investigation Commission); Syl. Pt. 5, in part, *State ex rel. Workman v. Carmichael*, 241 W. Va. 105, 819 S.E.2d 251 (2018) (recognizing that the Supreme Court of Appeals of West Virginia has exclusive jurisdiction over the discipline of judicial officers).

5

transcript under this Court's scheduling order and was able to timely perfect his appeal, he cannot establish prejudice in this regard.

Next, Mr. Hammer contends that the circuit court was required to consider his motion for judgment on the pleadings or alternatively, his motion for summary judgment. *See* W. Va. R. Civ. P. 12(c)[7] and 56. He argues that pursuant to the language of Rule 81(a)(1) of the West Virginia Rules of Civil Procedure, only motions filed pursuant to Rules 26 through 37[8] are excluded and, thus, the court was required to consider his motions.[9] We disagree. Rule 81(a)(1) relevantly states:

> When the appeal of a case has been granted or perfected, these rules apply, except that, in a case on appeal from a magistrate court, Rules 26 through 37 may not be used **and no pleadings other than those used in the case in the magistrate court may be used except by order of the appellate court in the proceeding after the appeal has been granted or perfected.**

(emphasis added).

Critically, Mr. Hammer overlooks the remaining language of this Rule, which unambiguously provides that "no pleadings other than those used in the case in the magistrate court may be used except by order of the appellate court[.]" While the limitations of this Rule regarding pleadings may be suspended by court order, the circuit court that sat as the appellate court below did not enter an order to that effect. Therefore, the circuit court was not required to consider any pleading Mr. Hammer filed outside of the record of the magistrate court proceedings. This conclusion is consistent with the statutory framework established by our legislature. *See* W. Va. Code § 50-5-12(d)(1) (1994) (stating that in appeals from a magistrate court bench trial, "[t]he exhibits, together with all papers and requests filed in the [magistrate court] proceeding, constitute the

---

[7] On appeal, Mr. Hammer contends that his motion for judgment on the pleadings should have been granted because Beverly Manor's magistrate court petition was deficient, "failed to state a claim upon which relief could be granted," and must be dismissed. Thus, it appears that Mr. Hammer's motion is more closely related to a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure instead of a motion pursuant to Rule 12(c). However, regardless of the motion's intended form, we find no basis upon which to grant Mr. Hammer relief in this appeal.

[8] Rules 26 through 37 of the West Virginia Rules of Civil Procedure govern depositions and discovery matters in civil proceedings.

[9] The circuit court's proceedings were governed by the version of Rule 81 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 81 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

<u>exclusive</u> record for appeal." (emphasis added)). This limitation has been echoed by the Supreme Court of Appeals of West Virginia ("SCAWV"). *See State ex rel. Veard v. Miller*, 238 W. Va. 333, 339, 795 S.E.2d 55, 61 (2016) ("It is further provided under W. Va. Code § 50–5–12(d) that on an appeal of a magistrate decision '[t]he exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for appeal[.]'"); *State ex rel. DeCourcy v. Dent*, 240 W. Va. 163, 168, 807 S.E.2d 834, 839 (2017) (explaining that the "exclusive record" in an appeal from a magistrate court bench trial in a civil case is limited to the documents and non-testimonial evidence presented therein because in those proceedings, the magistrate court is not a court of record). As such, we find no error by the circuit court on this issue.

In a related argument, Mr. Hammer asserts that it was error for the circuit court to permit Mr. Sturdivant to testify to the specific instances in which Mr. Hammer interfered with Beverly Manor's management because those instances were not expressly delineated in the underlying petition. However, Mr. Hammer's accompanying argument on this issue does not directly challenge the circuit court's finding that the petition's averment that Mr. Hammer continuously interfered with management was sufficient to warrant the breadth of Mr. Sturdivant's testimony. Rather, Mr. Hammer argues that the lack of specificity in the petition entitled to him to conduct discovery once he appealed to circuit court. This argument is not persuasive.

To begin, the SCAWV has previously found that discovery is not permitted in magistrate court appeals. *See Veard* at 339, 795 S.E.2d at 61 ("[West Virginia Code § 50-2-12(d)] is clear in prohibiting a trial court from allowing discovery in a case appealed from magistrate court. This limitation is consistent with Rule 81(a)(1) of the West Virginia Rules of Civil Procedure."). The SCAWV previously addressed a discovery argument similar to Mr. Hammer's in *DeCourcy* and rejected its premise, stating:

> Ms. DeCourcy maintains that because discovery is not permitted in appeals from magistrate court bench trials, the parties will not be able to prepare for trial. She argues that prohibiting discovery but allowing new evidence violates her due process rights. We emphasize that discovery is irrelevant to the issue before us. This is a case for magistrate court that is intended to be resolved at little or no cost in trial preparation. As such, we are unpersuaded by the assertion that Ms. DeCourcy's due process rights will be violated.

*DeCourcy*, at 168 n.18, 807 S.E.2d at 839 n.18.

Notably, in *DeCourcy*, it was determined that while our code expressly limits the record of documents and non-testimonial evidence in a civil magistrate court appeal to those filed in magistrate court, in a circuit court appeal of a civil action tried before the magistrate without a jury, the parties are not precluded from presenting new witness

7

testimony. *DeCourcy*, at 167-68, 807 S.E.2d at 838-39. Therefore, we conclude that Mr. Sturdivant's testimony was permissible, and Mr. Hammer suffered no prejudice as a result.

Mr. Hammer also believes that because the first judge's order set the case for a "hearing" and not "trial," it was error for the circuit court to deny his motion to continue the bench trial so that he could subpoena several witnesses. We disagree.[10]

"A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush,* 163 W.Va. 168, 255 S.E.2d 539 (1979). Further, with respect to a court's authority over evidentiary matters, it has been stated that:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Syl. Pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995).

Here, Mr. Hammer sought a continuance in order to subpoena witnesses for trial. The circuit court addressed this issue by permitting Mr. Hammer to proffer the witnesses he intended to call, as well as the nature of their expected testimony. Then, after hearing the evidence adduced, the court denied Mr. Hammer's request, finding that the proffered testimony could not support Mr. Hammer's counterclaim or overcome the allegations in Beverly Manor's petition. Based upon review of the record before us, we cannot conclude that the circuit court abused its discretion by denying Mr. Hammer's motion to continue or by concluding that the purported testimony would not change the outcome of the case. Moreover, we find no merit in Mr. Hammer's quibble with the first judge's use of the term "hearing" instead of "trial." Rather, the record clearly establishes that Mr. Hammer had advance notice of the hearing on his appeal and, thus, had ample time to prepare for trial. We acknowledge that Mr. Hammer's status as a pro se litigant entitled him to reasonable accommodations below; however, we are also mindful that ultimately, he "must bear the responsibility and accept the consequences of any mistakes and errors." *Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984). As such, Mr. Hammer's lack of preparedness to prosecute his magistrate court appeal falls to his own detriment.

---

[10] We are completely unpersuaded by Mr. Hammer's contention that Rule 5.02 of the West Virginia Trial Court Rules applies to this issue. Rule 5.02 only applies to a trial court's resolution of scheduling conflicts involving parties and proceedings before other courts and has no application to the matter at hand.

The final order on appeal is the circuit court's October 8, 2024, order denying Mr. Hammer's request for a new trial. *See* W. Va. R. Civ. P. 59.[11] We review this ruling for an abuse of discretion. *Tennant v. Marion Health Care Found.*, 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995) ("we review a circuit court's ruling on a motion for a new trial under an abuse of discretion standard."). On this issue, Mr. Hammer contends that he was entitled to a new trial because the circuit court failed to determine whether his eviction complied with applicable federal HUD/Section 8 regulations. He contends that the circuit court can simply take judicial notice of the regulations, which, when applied, will result in him prevailing on his appeal. We are not persuaded by this argument.

From the outset, we find that Mr. Hammer's argument on this issue appears to intertwine motions Mr. Hammer filed in the original magistrate court proceedings with his motion for a new trial in circuit court. Specifically, Mr. Hammer's argument contemplates the magistrate court's denial of his motion to set aside its judgment, as well as the magistrate court's lack of ruling on his motion to require the parties to file written briefs. To the extent Mr. Hammer alleges error in the magistrate court's handling of those matters, it is beyond the scope of this Court's review. As this Court has previously explained:

> As the Supreme Court of Appeals of West Virginia has recognized, "[a]n appeal from a [magistrate court's] judgment vacates and annuls the judgment." *Smith v. Reel*, No. 17-0706, 2019 WL 2323743, at *2 (W. Va. May 31, 2019) (memorandum decision) (quoting Syl. Pt. 2, *Elkins v. Michael*, 65 W. Va. 503, 64 S.E. 619 (1909)); *see also Good v. Bank of New York, Mellon*, No. 12-1398, 2014 WL 274483, at *2 n.4 (W. Va. Jan. 24, 2014) (memorandum decision) (recognizing that "the magistrate court's judgment was no longer relevant once petitioners appealed to the circuit court").

*Thornton v. Poorman*, No. 24-ICA-4, 2024 WL 4360047, at *2 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision).

Turning to the circuit court's ruling, we cannot conclude that the circuit court abused its discretion by denying Mr. Hammer's motion for a new trial. Although circuit courts have broad discretion in this regard, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done[.]" *In re State Bldg. Asbestos Litig.*, 193 W. Va. 119, 124, 454 S.E.2d 413, 418 (1994) (quotations and citations omitted). Here, Mr. Hammer's motion is predicated upon an alleged failure by the circuit court to address the applicability of federal regulations to the eviction proceeding. Critically, however, upon our thorough review of Mr. Hammer's

---

[11] The circuit court's proceedings were governed by the version of Rule 59 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 59 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

testimony before the circuit court, we find that he failed to raise this issue in the first instance. Consequently, the circuit court had no obligation to address an issue whose factual development is absent from the evidentiary record. "Generally, an error at trial which has not been found to be prejudicial cannot form the basis for granting a new trial under Rule 59 [of the West Virginia Rules of Civil Procedure]." *Witt v. Sleeth*, 198 W. Va. 398, 402, 481 S.E.2d 189, 193 (1996). As we previously explained, Mr. Hammer bears responsibility for his mistakes and errors at trial. His failure to properly develop this issue below cannot establish substantial injustice or prejudicial error. As such, we cannot conclude that the circuit court's ultimate disposition of this case was against the clear weight of the evidence.

Accordingly, we find no error and affirm the circuit court's September 20, 2024, and October 8, 2024, orders.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White